**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHIE CHARLES HARVEY, Inmate #202923,<br><br>                              Plaintiff,<br><br>vs.<br><br>SAN DIEGO CITY JAIL, et al.,<br><br>                              Defendants. | Civil No.    13cv0287 LAB (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **(ECF Doc. No. 19)**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR IFP AS MOOT (ECF Doc. No. 18)**<br><br>**AND**<br><br>**(3)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

Richie Charles Harvey ("Plaintiff"), currently incarcerated at Utah State Prison in Draper, Utah, and proceeding pro se, initiated this civil action pursuant to 42 U.S.C. § 1983 in February 2013.

After being twice denied leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) due to his failure to provide the trust account certificates required by § 1915(a)(2) (ECF Doc. Nos. 5, 17), and prematurely submitting an appeal which the

Ninth Circuit described as frivolous (ECF Doc. No. 15), Plaintiff returned to this Court with a Motion for Extension of Time to comply with the Court's previous IFP Orders (ECF Doc. No. 18), followed quickly by a new Motion to Proceed IFP (ECF Doc. No. 19), which now includes the trust account documentation required by 28 U.S.C. § 1915(a)(2) (ECF Doc. No. 19).

## I.   PLAINTIFF'S MOTION TO PROCEED IFP

As Plaintiff is aware, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding

---

[1] For civil actions, like Plaintiff's, filed *on or before May 1, 2013*, the filing fee was $350. Civil litigants filing actions on or after May 1, 2013, however, must now pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of what is now his third IFP application, Plaintiff has finally submitted certified copies of his trust account statements pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statements, as well as the attached prison certificate issued by a trust account official at Utah State Prison where he is currently incarcerated verifying his account history and available balances. Plaintiff's statements show an average monthly balance of $12.70, average monthly deposits of $31.33, and an available balance in his account of $19.77 at the time it was submitted to the Court for filing. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 19) and assesses an initial partial filing fee of $6.26 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Executive Director of the Utah Department of Corrections, or his designee, shall collect this initial fee only if sufficient funds in Plaintiff's account are available at the time this Order is executed pursuant to the directions set forth below. See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total owed in this case shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by

those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

### A.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of

substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.     Improper Defendants

As an initial matter, the Court finds that to the extent Plaintiff names the "San Diego City Jail," its "Medical Department," and the "Sheriff's Department" as Defendants, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim upon which § 1983 relief can be granted because these entities are not "persons" subject to suit under § 1983.  Neither a local law enforcement department (like the San Diego County Sheriff's Department or its Medical Department), or a jail itself (like the San Diego County Jail), are proper defendants under § 1983.  *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.'  Cook County Jail is not a 'person.');

While the County of San Diego *itself* may be considered a "person" and therefore, a proper defendant under § 1983, *see Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Hammond v. County of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), Plaintiff has not named the County as a Defendant.  Moreover, as a municipality, the County *may* be held liable under § 1983–but only where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County, or a "final decision maker" for the County.  *Monell*, 436

U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002). "Instead, a *Monell* claim exists only where the alleged constitutional deprivation was inflicted in 'execution of a government's policy or custom.'" *Id.* (quoting *Monell*, 436 U.S. at 694).

As currently pleaded, Plaintiff's Complaint fails to state a claim under 28 U.S.C. § 1915A(b) because he has failed to allege any facts which "might plausibly suggest" that the County itself violated his constitutional rights. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)'s pleading standards to *Monell* claims); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (42 U.S.C. § 1983 provides for relief only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of plaintiff's constitutionally protected rights).

Moreover, while Plaintiff's Complaint broadly alleges that additional yet unidentified "John and Jane Doe Defendants 1-10," who are presumably employed by the County, failed to "effectively treat" a wound on his right hand, or his hepatitis C, and "refused to move" him to a "medical unit," refer him to a "competent specialist," or send him to "a local hospital for appropriate treatment and care," *see* Compl. [ECF Doc. No. 1] at 4-5, it further fails to contain "sufficient allegations of underlying facts" to show that any individual person caused a violation of Plaintiff's First, Eighth, or Fourteenth Amendment rights. *Hernandez*, 666 F.3d at 637; *Monell*, 436 U.S. at 690; *Brown*, 520 U.S. at 403; *Starr v. Baca,* 652 F.3d 1202, 1207-08 (9th Cir. 2011).

Indeed, even if Plaintiff had sufficiently named the appropriate persons he wishes to sue, his allegations of medical care which "fell below a standard of reasonabl[y] competent health care professionals," are specifically premised on a theory of "medical malpractice and/or negligence," (Compl. at 6), and as such, clearly fail to rise to the level

of any constitutional violation. Only "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Claims of medical malpractice or negligence, on the other hand, are insufficient to establish a constitutional deprivation. *Simmons v. Navajo County*, 609 F.3d 1011, 1019 (9th Cir. 2010) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

Therefore, to the extent Plaintiff seeks to sue the San Diego City Jail, the Sheriff's Department, its Medical Staff, or John and Jane Does 1-10, his Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

### C. Respondeat Superior - Captain Daniel Penner

Plaintiff also names one individual Defendant, Daniel Penner, who is identified as "the official vested with the power, control, and responsibility to supervise," each of the other Defendants discussed above. *See* Compl. [ECF Doc. No. 1-1] at 1. Plaintiff alleges Penner "should have known" that he was being "abused," and therefore, "placed [him] in harm's way without legal recour[s]e." *Id.* at 2. His Complaint, however, fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief [against Penner] that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (2009); *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim). Thus, in order to avoid the respondeat superior bar, Plaintiff must include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, including personal acts by each individual defendant which show a direct causal connection to a violation of specific constitutional rights. *Taylor v. List*,

880 F.2d 1040, 1045 (9th Cir. 1989). As currently pleaded, however, Plaintiff's Complaint sets forth only "'naked assertion[s] devoid of 'further factual enhancement'" sufficient to state a plausible entitlement to relief against Penner. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Therefore, the Court finds Plaintiff has also failed to state a claim against Penner pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### III.  CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 19) is **GRANTED** and his Motion to for Extension of Time (ECF Doc. No. 18) is **DENIED** as moot.

2. The Executive Director of the Utah Department of Corrections, or his designee, shall collect from Plaintiff's prison trust account the initial filing fee assessed in this Order, and shall forward the remainder of the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and shall forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Rollin Cook, Executive Director, Utah Department of Corrections, P.O. Box 250, Draper, Utah, 84020.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.

Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").[2]

DATED: January 9, 2014

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**

United States District Judge

---

[2] Finally, Plaintiff is cautioned that should his Amended Complaint still fail to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *id.* (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).